UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENNIS KISILEV, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>CARVANA, LLC<br><br>Defendant. | No. 3:26-cv-5620<br><br>COMPLAINT—CLASS ACTION<br><br>JURY DEMAND |

## INTRODUCTION

1. Plaintiff Dennis Kisilev brings this lawsuit against Carvana, LLC ("Carvana") for violations of the Commercial Electronic Mail Act ("CEMA"), RCW 19.190.060.

2. CEMA prohibits companies from sending commercial text messages to Washington residents without consent.

3. Kisilev is a Washington resident. He received a commercial text message from Carvana in May of 2026. He never gave permission for Carvana to send this message.

4. Carvana's unsolicited spam was intrusive and annoying to Kisilev.

5. As the Ninth Circuit has noted, "Being deluged with 'spam' . . . text messages is the bane of modern life." *Borden v. eFinancial, LLC*, 53 F.4th 1230, 1231 (9th Cir. 2022).


The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

6. To hold Carvana accountable for its illegal practices, Kisilev brings this action individually and on behalf of a putative class of Washington residents similarly situated.

**JURISDICTION AND VENUE**

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) because this is a class action, the aggregate amount in controversy exceeds $5,000,000, Kisilev and putative class members are citizens of Washington, and Carvana is a citizen of Arizona.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a significant portion of the events giving rise to this lawsuit occurred in this District and Kisilev resides in this District.

9. This Court has personal jurisdiction over Carvana. Carvana does business in Washington. It advertises and sells its products and services in Washington. Carvana serves a market in Washington. Due to Carvana's actions, its commercial text messages have been sent, without consent, to telephone numbers assigned to Washington residents and have harmed Washington residents. Kisilev's claims arise out of Carvana's contacts with this forum. Due to Carvana's actions, Kisilev received unwanted commercial text messages in Washington and was harmed while in Washington.

**PARTIES**

10. Plaintiff Dennis Kisilev is a natural person residing in the state of Washington.

11. Defendant Carvana, LLC is a limited liability company formed under the laws of Arizona with its principal place of business in Tempe, Arizona.

**FACTUAL ALLEGATIONS**

12. Kisilev is the sole user of the cell phone number 971-338-8066.

13. This is Kisilev's only phone number.



The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

14. Carvana is one of the largest car retailers in the United States. It generated over $20 billion in revenue and sold just under 600,000 retail vehicles in 2025.[1]

15. On May 10, 2026 at 4:40 PM UTC, Carvana sent the following text message to Kisilev: "Carvana: Kyle, we saw you were interested in the Buick Envista. Here's a similar option that would save you $15,100 on your down payment: https://carvana.co/8t5Aww6kQnV Reply HELP for help, STOP to end msgs."

16. The short code that sent the message is registered to Carvana.[2]

17. Further, the hyperlink in the text message redirects to a web page maintained by Carvana.[3]

18. Therefore, Carvana sent the text message at issue.

19. Kisilev's name is not "Kyle," nor does he know who "Kyle" is. Further, Kisilev did not consent to receive any commercial text messages from Carvana and has never done business with Carvana.

20. The purpose of Carvana's text message is to encourage the purchase of a vehicle from its website. Therefore, the text message Carvana sent is a commercial text message.

21. Carvana's text messages are a nuisance and annoyance to Kisilev and the Class members. The messages have invaded their privacy, diminished the value of their phones, and negatively impacted their enjoyment of life.

---

[1] *See* Carvana's 2025 Annual Report, at p. 9, https://investors.carvana.com/~/media/Files/C/Carvana-IR/documents/cvna-2025-annual-report.pdf.

[2] *See* https://www.carvana.com/text-message-terms-and-conditions?srsltid=AfmBOoqyx7kNQZWI65Twvx7oMObLGdgiZKxQsUIbRA80F5F6CJ_lBdVX.

[3] *See* https://www.carvana.com/vehicle/4338575?openAccountModal=signin&utm_source=sms&utm_medium=nurture&utm_campaign=cart_expired&utm_content=website_link&utm_corr=7fa071d7-97a4-4d0d-a0fb-dc9dd87561f3.



The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

## LEGAL STANDARD

22. **Washington Commercial Text Messages.** "No person conducting business in the state may initiate or assist in the transmission of an electronic commercial text message to a Washington resident" unless the recipient has "clearly and affirmatively consented in advance." RCW 19.190.060(1), .070(1)(b).

23. **Washington Consumer Protection Act.** To establish a violation of Washington's CPA, five elements must be met: (1) an unfair or deceptive act or practice (2) in trade or commerce (3) that affects the public interest, and (4) caused (5) injury to plaintiff's business or property. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986).

## CLASS ACTION ALLEGATIONS

24. Pursuant to Federal Rule of Civil Procedure 23, Kisilev brings this action on behalf of all other persons similarly situated throughout the United States.

25. Kisilev seeks to represent the following Class:

> All Washington residents who (1) are not customers of Carvana, (2) whom Carvana texted, (3) within the last four years prior to the filing of this action through the date of class certification.

**NUMEROSITY**

26. Kisilev does not know the exact number of class members but reasonably estimates the number to be in the thousands, thus making joinder of all class members impracticable. Carvana did over $20 billion in sales and sold just under 600,000 retail vehicle for the full year 2025.[4] Given the large scope of Carvana's operations and the fact that Kisilev and the Class members are entitled to $500 for each CEMA violation, Kisilev reasonably estimates that the joinder of all class members is impracticable and total damages exceed $5,000,000.

[4] *See* Carvana's 2025 Annual Report, at p. 9, https://investors.carvana.com/~/media/Files/C/Carvana-IR/documents/cvna-2025-annual-report.pdf.


The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

27. Class members are identifiable through phone records and phone number databases.

**COMMONALITY**

28. There are questions of law and fact common to Kisilev and the class, including but not limited to:

i. Whether Carvana sent the text messages at issue.

ii. Whether the text messages constitute commercial text messages.

iii. Whether Carvana had consent to send the text messages.

iv. Whether a violation of RCW 19.190.060 establishes all the elements of a claim under Washington's Consumer Protection Act, RCW 19.86 *et seq*.

**TYPICALITY**

29. Kisilev's claims are typical of the claims of the class members. His claims, like the class members' claims, arise out of the same common course of conduct by Carvana and are based on the same legal and remedial theories.

**ADEQUATE REPRESENTATION**

30. Kisilev is an adequate representative of the class because his interests do not conflict with the interests of the class members, he will fairly and adequately protect the interests of the class members, and he is represented by counsel skilled and experienced in consumer class actions.

**PREDOMINANCE OF COMMON QUESTIONS**

31. Common questions of law and fact predominate over questions affecting only individual class members.



The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

**SUPERIORITY**

32. Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions because the damages are statutory. Notice to class members can be provided by mail or other means. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

33. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Violation of Washington's Commercial Electronic Mail Act**
**(On Behalf of Kisilev and the Class)**

34. Washington's CEMA prohibits any person, as that term is defined in RCW 19.190.010(11), from initiating or assisting the transmission of an unsolicited commercial electronic text message to a Washington resident's cellular telephone.

35. Carvana is a "person" within the meaning of CEMA. RCW 19.190.101(11).

36. Carvana sent one or more commercial text messages to Kisilev and the Putative Class members' cellular telephones without their consent or invitation.

37. Carvana's acts and omissions violated RCW 19.190.060(1).

38. Kisilev and the Class members are therefore entitled to injunctive relief in the form of an order enjoining further violations of RCW 19.190.060(1).

**SECOND CAUSE OF ACTION**
***Per Se* Violation of Washington's Consumer Protection Act**
**(On Behalf of Kisilev and the Class)**

39. Kisilev and Class members are "persons" within the meaning of the CPA. RCW 19.86.010(1).



The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

40. Carvana violated the CEMA by sending unsolicited commercial electronic text messages to Kisilev and Class members' cellular telephone or similar devices.

41. A violation of the CEMA establishes all five elements of Washington's Consumer Protection Act as a matter of law. RCW 19.190.100; RCW 19.190.060(2); *Wright v. Lyft*, 406 P.3d 1149, 1155 (Wash. 2017).

42. Carvana's violations of the CEMA are unfair or deceptive acts or practices that occur in trade or commerce under the CPA. RCW 19.190.100; RCW 19.190.060(2).

43. Carvana's unfair or deceptive acts or practices vitally affect the public interest and thus impact the public interest for purposes of applying the CPA. RCW 19.190.100; RCW 19.190.060(2).

44. Pursuant to RCW 19.190.040(1), damages to each recipient of a commercial electronic text message sent in violation of the CEMA are the greater of $500 for each such message or actual damages, which establishes the injury and causation elements of a CPA claim as a matter of law. *Lyft*, 406 P.3d at 1155.

45. Carvana engaged in a pattern and practice of violating the CEMA. As a result of Carvana's acts and omissions, Kisilev and Class members have sustained damages, including $500 in statutory damages, for each and every text message that violates the CEMA. The full amount of damages will be proven at trial. Kisilev and Class members are entitled to recover actual damages and treble damages, together with reasonable attorneys' fees and costs, pursuant to RCW 19.86.090.



The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

## RELIEF REQUESTED

Kisilev respectfully requests the Court grant the following relief:

A. Certification of the proposed Class;

B. Appointment of Kisilev as class representative;

C. Appointment of the undersigned as lead counsel for the Class;

D. An award of damages to Kisilev and class members, as allowed by law;

E. An award of fees, costs, and interest, as allowed by law;

F. Injunctive relief, as allowed by law; and

G. Orders granting such other relief as this Court deems necessary, just, and proper.

## JURY DEMAND

Kisilev requests a jury trial as to all claims of the Complaint so triable.

DATED June 10, 2026

Respectfully submitted,

*/s/ Thomas Alvord*

Thomas Alvord, WSBA #61943
Reid Hudson, *Pro Hac Vice* forthcoming
The HQ Firm, P.C.
450 Alaskan Way S Suite 200 # 1823
Seattle, WA 98104
Telephone: (385) 440-4127
Email: thomas@thehqfirm.com

*Attorneys for Plaintiff*